IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PACEM SOLUTIONS INTERNATIONAL, )
   LLC, )
                                              )
        Plaintiff, )
                                              )      1:23-cv-1702 (LMB/IDD)
v. )
                                              )
U.S. SMALL BUSINESS ADMINISTRATION, )
   et al., )
        Defendants.

## ORDER

Plaintiff Pacem Solutions International, LLC ("plaintiff") has filed a Complaint against defendants United States Small Business Administration ("SBA") and Isabella Casillas Guzman, in her official capacity as Administrator of the SBA, alleging that defendants failed to make payments on plaintiff's behalf to which it was entitled under the Coronavirus Aid, Relief, and Economic Security Act. [Dkt. No. 1]. Plaintiff seeks relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706; however, plaintiff also asserts one claim for a writ of mandamus.

Before the Court is defendants' Partial Motion to Dismiss [Dkt. No. 15], arguing that "[b]ecause mandamus is available only when there is no other adequate remedy, and because APA review is an adequate legal remedy, [p]laintiff's mandamus claim fails as a matter of law." [Dkt. No. 16] at 1. In response, plaintiff admits "that the APA would afford appropriate relief" but nevertheless opposes dismissal of its mandamus claim because it "seeks merely to have an alternative available avenue of recovery in the event, for reasons as yet unknown, [p]laintiff is deemed not eligible to seek recovery under the APA." [Dkt. No. 18] at 2.

As an initial matter, for a writ of mandamus to issue, a plaintiff must establish "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." Burandt v. Dudas, 496 F. Supp. 2d 643, 653 (E.D. Va. 2007) (internal citations omitted). Plaintiff's mandamus claim fails as a matter of law because it "has adequate remedies through the APA." Callaway Golf Co. v. Kappos, 802 F. Supp. 2d 678, 690 (E.D. Va. 2011) (finding that availability of APA review means that plaintiff's "mandamus claim fails"). Although plaintiff argues that it merely seeks to preserve its right to seek a writ of mandamus if it is not entitled to relief under the APA, the third prong of the mandamus inquiry is not concerned with whether a plaintiff is entitled to relief; rather, as courts in this circuit have repeatedly affirmed, the third prong of the mandamus inquiry focuses on whether "other adequate means exist to attain relief." Klock v. Kappos, 731 F. Supp. 2d 461, 470 (E.D. Va. 2010). Because the APA serves as an adequate remedy for plaintiff to attain relief, defendants' Partial Motion to Dismiss [Dkt. No. 15] is GRANTED, and it is hereby

ORDERED that Count III (Mandamus) be and is DISMISSED WITH PREJUDICE.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 25 day of April, 2024.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge