16.     Obligations Unconditional.    The Obligors' respective obligations under this Agreement and the Loan Documents are absolute, unconditional and independent of any defense or rights of recoupment or counterclaim which any of the Obligors might have against the Lender, and the Obligors agree that all payments required under this Agreement and the Loan Documents shall be made absolutely, free of any deductions and without abatement, diminution or set-off.

17.     Survival of Warranties.   Except as expressly modified by this Agreement, the Obligors shall fully and faithfully satisfy and perform the terms, conditions, representations, covenants and warranties of the Loan Documents, each of which are incorporated by reference herein. All cure periods or grace periods provided to the Obligors in the Loan Documents, and all provisions in the Loan Documents that required the Lender to provide notice to the Obligors upon the occurrence of a default thereunder, are hereby deleted and shall no longer have any force or effect. Except as expressly modified by this Agreement, the Obligors acknowledge and agree that all other terms and conditions of the Loan Documents shall remain unchanged, in full force and effect and are hereby ratified and confirmed by the Obligors in all respects and shall be strictly complied with by the Obligors going forward.

18.     No Novation.   This Agreement shall not cause a novation of any of the obligations of the Obligors under the Loan Documents, nor shall it extinguish, terminate or impair the Obligors' respective obligations under the Loan Documents.

19.     Release of the Lender and the SBA.   For and in consideration of the Lender's execution of this Agreement, the Obligors, and each of their respective heirs, successors, assigns, agents and attorneys (collectively, the "**Releasing Parties**"), hereby waive, release and discharge the Lender and the SBA, and each of their respective officers, directors, shareholders, employees, agents, attorneys, successors, and assigns (collectively, the "**Released Parties**"), from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, liabilities, variances, trespasses, damages, judgments, extents, executions, claims and demands, whatsoever in law or equity, whether known or unknown, which the Releasing Parties, their respective successors and assigns ever had, now have, or hereafter can, shall or may have against the Released Parties from the beginning of the world to the date of this Agreement, including but not limited to those arising from and related to the Loan, the Loan Documents and all collection and enforcement actions taken in connection therewith; provided however, that any and all rights the Borrower has to seek, recoup and/or recover subsidy payments from solely the SBA under Section 1112 of the CARES Act are expressly reserved and excepted from the foregoing release.   This release shall (a) survive the termination of this Agreement; (b) retain its full force and effect as to all matters through the date of this Agreement; and (c) shall not be deemed a waiver and/or release of any right the Borrower has to seek, recoup and/or recover subsidy payments from solely the SBA under Section 1112 of the CARES Act, which shall be fully preserved and maintained in its entirety.

20.     Waiver of the Automatic Stay.   In the event that a bankruptcy case is hereafter filed by or against any of the Obligors, the Obligors specifically agree that the automatic stay provisions of Section 362 of the United States Bankruptcy Code applicable to any such bankruptcy case shall be immediately terminated as to the Lender and the Collateral which constitutes property of the bankruptcy estate created thereby, so that the Lender may immediately assert all of its rights and remedies under this Agreement, the Loan Documents and applicable law with respect to the

13

Collateral. The Obligors further agree not to contest any motion to terminate or modify the automatic stay filed by the Lender in any such bankruptcy case and to immediately execute and deliver (or cause to be executed and delivered) to the Lender and to file with the bankruptcy court such documents, pleadings and papers as are necessary for the Lender to obtain such an immediate termination of the automatic stay.

21.    Time is of the Essence. TIME IS STRICTLY OF THE ESSENCE AS TO ALL OF THE OBLIGATIONS OF THE OBLIGORS HEREUNDER.

22.    Tense, Gender, Defined Terms, Captions. As used herein, the plural shall refer to and include the singular, and the singular, the plural; the use of any gender shall include and refer to any other gender. All defined terms are capitalized throughout this Agreement. All captions are for the purpose of convenience only.

23.    Governing Law. The laws of the Commonwealth of Virginia (excluding, however, conflict of law principles) shall govern and be applied to determine all issues relating to this Agreement and the rights and obligations of the Parties hereto, including the validity, construction, interpretation, and enforceability of this Agreement and its various provisions and the consequences and legal effect of all transactions and events which resulted in the execution of this Agreement or which occurred or were to occur as a direct or indirect result of this Agreement having been executed. The preceding notwithstanding, with respect to the procedural matters related to the perfection and enforcement of the Lender's rights and remedies under the Florida Mortgage, the laws of the State of Florida shall apply.

24.    Consent to Jurisdiction; Agreement as to Venue. The Obligors consent to personal jurisdiction in the Commonwealth of Virginia in connection with any legal proceeding arising out of or related to this Agreement. The Obligors agree that venue shall be proper in any circuit court of the Commonwealth of Virginia selected by the Lender or in the United States District Court for the Eastern District of Virginia if a basis for federal jurisdiction exists and waives any right to object to the maintenance of a suit in any of the state or federal courts of the Commonwealth of Virginia on the basis of improper venue or of inconvenience of forum.

25.    Notices. All notices, demands, instructions and other communications required or permitted to be given to or made upon any of the Parties shall be in writing, personally delivered or sent by postage prepaid first class certified mail, return receipt requested, or overnight courier or delivery service. All such notices shall be deemed to be given on the day such notice is received if sent by personal delivery or one (1) business day after such notice is sent by overnight courier or delivery service, or three (3) business days after such notice is sent by certified mail. Unless otherwise specified in a notice sent or delivered in accordance with the foregoing provisions of this paragraph, notices, demands, instructions and other communications in writing shall be given to or made upon the Parties at their respective addresses below:

If to the Obligors          c/o Joseph E. Schmitz
(or any of them):           2941 Fairview Park Drive, Suite 350
                            Falls Church, Virginia 22042

14

| With a copy to: | Civis Law LLP |
| --- | --- |
| | 36 Toronto Street, Suite 850 |
| | Toronto, ON M5C 2C% |
| | Attn: Jeffrey Kroeker |

| If to the Lender: | Atlantic Union Bank |
| --- | --- |
| | 4109 Plank Road, 2nd Floor |
| | Fredericksburg, Virginia 22407 |
| | Attn: Lynn S. Harrison, Senior Vice President |

| With a copy to: | Shapiro Sher Guinot & Sandler, P.A. |
| --- | --- |
| | 250 W. Pratt Street, 20th Floor |
| | Baltimore, Maryland 21201 |
| | Attn: Scott W. Foley, Esquire |

26.  Further Assurances.  The Obligors agree to execute such other and further documents as the Lender may deem in its discretion to be reasonably necessary, proper or convenient, including without limitation, invoices for payment, promissory notes, loan and security agreements, deeds of trust, contracts of sale, deeds, agreements, financing statements, continuation statements, contracts and similar instruments as may from time to time be necessary, proper or convenient to perfect, confirm, establish, re-establish, continue or complete any security interest in and to the Collateral and to effectuate the agreements of the Obligors contained herein.  In the event that any of the Obligors shall fail for any reason to execute, within ten (10) days of the Lender's demand, any document of the aforementioned type which the Lender requests such party to execute, the Obligors shall and hereby irrevocably and automatically appoint the Lender as such Obligor's attorney-in-fact to execute such document in such Obligor's name, place and stead and on such Obligor's behalf, and such power of attorney shall constitute a power of attorney with an interest and shall be irrevocable unless and until the subject document is fully and effectively executed.

27.  Entire Agreement.  This Agreement constitutes the entire agreement among the Parties regarding the subject matter hereof and may not be modified without the Lenders' prior express written consent.

28.  Severability.  If any provision or part of any provision of this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Agreement and this Agreement shall be construed as if such invalid, illegal or unenforceable provision or part thereof had never been contained herein, but only to the extent of its invalidity, illegality, or unenforceability.

29.  Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

30.  Binding Nature.  This Agreement shall inure to the benefit of and be enforceable by the Lender and the Lender's successors and assigns and shall be binding and enforceable against the Obligors and the Obligors' respective successors and assigns.

15

31.     WAIVER OF TRIAL BY JURY.    THE PARTIES EACH HEREBY VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, PROCEEDING, OR COUNTERCLAIM BROUGHT BY ANY PARTY AGAINST THE OTHERS ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT, THE TRANSACTIONS CONTEMPLATED HEREBY OR THE LOAN DOCUMENTS. THE OBLIGORS ACKNOWLEDGE THAT THEY HAVE BEEN INFORMED BY THE LENDER THAT THE PROVISIONS OF THIS PARAGRAPH CONSTITUTE A MATERIAL INDUCEMENT UPON WHICH THE LENDER HAS RELIED, IS RELYING AND WILL RELY IN ENTERING INTO THIS AGREEMENT. THE OBLIGORS HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF THE LENDER (INCLUDING ITS COUNSEL) HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE LENDER WOULD NOT, IN THE EVENT OF LITIGATION, ENFORCE THIS WAIVER OF RIGHT TO JURY TRIAL.

32.     Assignability.  Notwithstanding anything in the Loan Documents to the contrary, the Obligors acknowledge and agree that this Agreement, the Note and the other Loan Documents may be assigned by the Lender or any holder of the Note at any time or from time to time. The Obligors hereby grant the Lender their unlimited and unconditional consent to the disclosure and dissemination of financial records including, without limitation, loan application and account information, statements of deposits and share accounts, individual and corporate financial statements, credit references and histories, property appraisals, surveys, profit and loss statements, resumes, accounting reports, balance sheets and any other financial information provided to the Lender by the Obligors, for such purposes. The Obligors further release, acquit and forever discharge the Lender and its agents from all liability, claims, actions, or causes of action for disclosure of such financial records

33.     Federal Law.  When the SBA is the holder of the Note, this Agreement will be construed and enforced under federal law, including the SBA regulations. The Lender or the SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens and other purposes. By using such procedures, the SBA does not waive any federal immunity from state or local control, penalty, tax or liability. As to this Agreement, the Obligors may not claim or assert any local or state law against the SBA to deny any obligation, defeat any claim of the SBA, or preempt federal law.

*[signatures and acknowledgements contained on the following page]*

16

IN WITNESS WHEREOF, the undersigned have caused this Forbearance Agreement to be duly executed under seal on its behalf, on the day and year first hereinabove set forth.

**OBLIGORS:**

PACEM SOLUTION INTERNATIONAL LLC, a Virginia limited liability company

By: ███████████████████ (SEAL)

CORY L. MILLS, Member and Executive Chairman

### Acknowledgement

STATE/COMMONWEALTH OF _Virginia_, CITY/COUNTY OF _Fairfax_, TO WIT:

I HEREBY CERTIFY, that on this _31_ day of March, 2021, before me, the subscriber, a Notary Public of the jurisdiction aforesaid, personally appeared Cory L. Mills, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged himself to be the Member and Executive Chairman of PACEM SOLUTION INTERNATIONAL LLC, and who further acknowledged that he, in such capacity and being authorized so to do, executed the forgoing instrument for the purposes therein contained.

My Commission expires: _7783423_

_Noorah Hayes_
Notary Public

*[signatures continued on following page]*

17

PACEM ESTATE HOLDINGS LLC, a Florida limited
liability company

By: _____(SEAL)
    CORY L. MILLS, Sole Member

**Acknowledgement**

STATE/COMMONWEALTH OF Virginia CITY/COUNTY OF Fairfax, TO WIT:

I HEREBY CERTIFY, that on this _____ day of March, 2021, before me, the subscriber, a Notary Public of the jurisdiction aforesaid, personally appeared Cory L. Mills, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged himself to be the Sole Member of PACEM ESTATE HOLDINGS LLC, and who further acknowledged that he, in such capacity and being authorized so to do, executed the forgoing instrument for the purposes therein contained.

My Commission expires: 06/30, 2022

Noorah Hayes
Notary Public

*[signatures continued on following page]*



18

283



(SEAL)

CORY L. MILLS, Individually

### Acknowledgement

STATE/COMMONWEALTH OF Virginia, CITY/COUNTY OF Fairfax, TO WIT:

I HEREBY CERTIFY, that on this 21 day of March, 2021, before me, the subscriber, a Notary Public of the jurisdiction aforesaid, personally appeared CORY L. MILLS, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and who acknowledged that he executed the forgoing instrument for the purposes therein contained.

My Commission expires: June 30, 2022

Noorah Hayes

Notary Public



(SEAL)

RANA Z. AL SAADI, Individually

### Acknowledgement

STATE/COMMONWEALTH OF Virginia, CITY/COUNTY OF Fairfax, TO WIT:

I HEREBY CERTIFY, that on this 31 day of March, 2021, before me, the subscriber, a Notary Public of the jurisdiction aforesaid, personally appeared RANA Z. AL SAADI, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and who acknowledged that she executed the forgoing instrument for the purposes therein contained.

My Commission expires: June 30, 2022

Noorah Hayes

Notary Public



*[signatures continued on following page]*

19

**LENDER:**

ATLANTIC UNION BANK

By: _____ (SEAL)
        LYNN S. HARRISON, Senior Vice President

**Acknowledgement**

STATE/COMMONWEALTH OF _____, CITY/COUNTY OF _____, TO WIT:

     I HEREBY CERTIFY, that on this _____ day of March, 2021, before me, the subscriber, a Notary Public of the jurisdiction aforesaid, personally appeared LYNN S. HARRISON, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged herself to be a Senior Vice President of ATLANTIC UNION BANK, and who further acknowledged that she, in such capacity and being authorized so to do, executed the forgoing instrument for the purposes therein contained.

My Commission expires: _____

                                     _____
                                     Notary Public

20

TAB E

**PACEM** | **P A C E M**
SOLUTIONS INTERNATIONAL
PACEM-SOLUTIONS.COM   PACEM-DEFENSE.COM
2941 FAIRVIEW PARK DRIVE • SUITE 350 • FALLS CHURCH • VA • 22042 • USA • +1.571.385.0299

June, 18 2020

*Via E-mail: foia@sba.gov*

U.S. Small Business Administration
ATTN: Chief, Freedom of Information/Privacy Acts (FOI/PA) Office/ Requester Service Center
409 Third St., SW
Washington, D.C. 20416

      Subj: FOIA Request Related to SBA Loan of Pacem Solution International LLC
          ("PACEM"), Loan No. 2843337007

Dear Sir/Madam:

Please provide, under the Freedom of Information Act (FOIA), any and all information relating to SBA Loan of Pacem Solution International LLC ("PACEM"), No. 2843337007, and the following CARES Act subsidy ineligibility determination for Loan No. 2843337007, as described in the enclosed May 7, 2021, Memo from SBA Director, Office of Financial Program Operations, to SBA Deputy National Ombudsman:

> "The loan has been in default since late April 2020, which was reported to the Agency by the Lender in May 2020. . . . Agency records indicate that subsidy payments were made for April 2020 and May of 2020. However, once the Borrower was reported to be in default, the Borrower ceased to be in regular servicing status as required under the CARES Act. As a result, the Borrower was ineligible for the remaining four subsidy payments that would have covered June through September of 2020."

This FOIA request is for responsive information, including but not limited to:

- e-mail, text, or written communications between the SBA and Atlantic Union Bank (PACEM's "Lender") for the period from January 2020 until present;
- SBA Form 1502 reports submitted by Lender for SBA Loan No. 2843337007 for the period from January 2020 until present; and
- updates or changes made by Lender or the SBA using E-Tran Servicing relating to SBA Loan No. 2843337007 for the period from January 2020 until present.

I agree to pay reasonable copying charges associated with this request. If such charges are likely to exceed $25, please contact the undersigned in advance of incurring such charges.

This request involves records needed to avoid "[t]he loss of substantial due process rights[.]" 13 C.F.R. § 102.5(e)(1)(iii). The requested records relate to the SBA's determination that Loan No. 2843337007 was "ineligible for . . . four subsidy payments that would have covered June through September of 2020," as described in the enclosed Memo, a decision that resulted in PACEM's loss of over $3,100,000 in loan payments under Section 1112 of the CARES Act. *See* CARES

**PACEM** | **PACEM**
SOLUTIONS INTERNATIONAL | **DEFENSE**
PACEM-SOLUTIONS.COM | PACEM-DEFENSE.COM
2941 FAIRVIEW PARK DRIVE • SUITE 350 • FALLS CHURCH • VA • 22042 • USA • +1.571.385.0299

Act, Pub. L. No. 116–136, § 1112(c), Mar. 27, 2020, 134 Stat. 309 (codified at 15 U.S.C. §§ 9001–9080 (2020)).  PACEM was not notified of this ineligibility determination until May 19, 2021, and the requested information is needed to exercise PACEM's due process rights to appeal the SBA's ineligibility determination described in the enclosed May 7, 2021, SBA Memo.

Finally, this request for information involves "[a]n urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information." 13 C.F.R. § 102.5(e)(1)(ii).  In this regarded, the undersigned, who served as the DoD Inspector General from 2002-05, regularly posts articles under the banner "Support and Defend" at https://www.newsmax.com/archives/josepheschmitz/164/2020/6/, many of which articles are designed "to inform the public concerning actual or alleged government activity."  *See, e.g.*, "IG Report on Comey Obscures That Strzok, Page Behind Key Determinations," September 13, 2019 (https://www.newsmax.com/josepheschmitz/comey-inspector-general-strzok-page/2019/09/13/id/932570/).  Specifically, the following press articles, which are representative of many more, demonstrate, "The existence of numerous articles published on a given subject[, which] can be helpful in establishing the requirement that there be an 'urgency to inform' the public on the topic" (13 C.F.R. § 102.5(e)(3)):

- https://www.globenewswire.com/en/news-release/2021/01/11/2155882/0/en/SBA-Extends-Crucial-Lifeline-to-Borrowers-Impacted-by-COVID-19-with-Debt-Relief.html;

- https://www.eastwestbank.com/ReachFurther/en/News/Article/Tap-into-New-SBA-Debt-Relief-for-7a-and-504-Lending-Loans;

- https://rejournals.com/congress-has-passed-another-covid-relief-bill-what-does-it-mean-for-the-ppp/.

Accordingly, I respectfully request expedited processing.

### Certification to Accompany FOIA Request for Expedited Processing

The undersigned certifies that the statements in this request for expedited processing, and the statements in this certification, are true and correct to the best of the undersigned's knowledge.

Please feel free to call me at 703-992-3095 or through e-mail joseph.schmitz@pacem-solutions.com, if you have any questions or concerns.

Yours truly,



Joseph E. Schmitz

ENCLOSURE: Memo from SBA Director, Office of Financial Program Operations, to SBA Deputy National Ombudsman, May 7, 2021

 

PACEM·SOLUTIONS·COM          PACEM·DEFENSE·COM
2941 FAIRVIEW PARK DRIVE • SUITE 350 • FALLS CHURCH • VA • 22042 • USA • +1.571.385.0299

August 5, 2021

Jihoon Kim
Director, Office of Financial Program Operations
U.S. Small Business Administration
Via E-mail: Jihoon.kim@sba.gov

SUBJ: Supplement to July 20, 2021, Letter Requesting "Correction of Administrative Error Resulting in Non-eligibility Determination" and "Payment of CARES Act Subsidy Payments; Loan No. 2843337007"

Dear Mr. Kim:

As promised in our enclosed letter of July 20, 2021 (Tab A), we are contacting you because the SBA response we received July 28, 2021, to our FOIA request referenced in our July 20, 2021, letter is material to our request for your procedural advice. The enclosed SBA response is material to what our July 20, 2021, letter referred to as an "administrative error resulting in non-eligibility determination," and therefore supports our claim for "payment of [the remaining four (4)] CARES Act subsidy payments [for] Loan No. 2843337007."

Our FOIA request asked for "e-mail, text, or written communications between the SBA and Atlantic Union Bank (PACEM's 'Lender')," "SBA Form 1502 reports submitted by Lender for SBA Loan No. 2843337007," and "updates or changes made by Lender or the SBA using E-Tran Servicing relating to SBA Loan No. 2843337007" from January 2020 until present.

The SBA's response at Tab B asserts: "During our search, our office did not locate the records you requested." The lack of responsive records supports our claim for the final four "payment[s] of CARES Act subsidy payments [for] Loan No. 2843337007" by further undermining the foundation of what your May 7, 2021, Memo described as a CARES Act ineligibility determination based ostensibly on it having been "reported to the Agency by the Lender in May 2020" that PACEM's loan had been "in default since late April 2020." The ineligibility determination described in your May 7, 2021, Memo is premised on the existence of some form of communication between the Lender and the SBA relating to PACEM's Loan No. 2843337007 "in May 2020," *i.e.*, within the time frame of our FOIA request for "January 2020 until present."

The enclosed SBA FOIA response that there are no records of such communication thus confirms our assessment there was an administrative error in the SBA's non-eligibility determination referenced in your May 7, 2021, Memo. As such, we reiterate our request for correction of that error and for your guidance on how best to initiate whatever process is necessary for the SBA to remit the final four (4) CARES Act subsidy payments to PACEM.

Yours truly

Joseph E. Schmitz,
Chief Legal Officer

ENCLOSURES: As stated
CC: Ashley Hou, Esq., SBA Regional Counsel, Baltimore

# TAB A

**⬡PACEM** | **⬡ P A C E M**
SOLUTIONS INTERNATIONAL
PACEM-SOLUTIONS.COM            PACEM-DEFENSE.COM
2941 FAIRVIEW PARK DRIVE • SUITE 350 • FALLS CHURCH • VA • 22042 • USA • +1.571.385.0299

July 20, 2021

Via E-mail: Jihoon.kim@sba.gov

Mr. Jihoon Kim
Director, Office of Financial Program Operations
U.S. Small Business Administration
Washington, D.C. 20416

SUBJ: Correction of Administrative Error Resulting in Non-eligibility Determination;
Procedures for Payment of Remaining Four (4) CARES Act Subsidy Payments;
SBA Loan No. 2843337007

Dear Mr. Kim:

For the reasons explained below, we respectfully request that you correct the administrative error apparent from your enclosed memo of May 7, 2021, which was e-mailed to the undersigned on May 19, 2021, by the SBA Ombudsman (see Tab A). More importantly, we request your procedural advice on how best to initiate whatever process is necessary for the SBA to make the final four (4) subsidy payments under section 1112 of the CARES Act, which the SBA did not make in June–September 2020 on account of the administrative error, totaling $3,548,976.85 in "principal, interest, and any associated fees that are owed." CARES Act, §1112(c).[1]

After issuing two (2) subsidy payments on PACEM Loan No. 2843337007 for April and May of 2020, the SBA, without any explanation to PACEM, failed to make the four (4) remaining payments for June to September 2020. The first and only explanation for the SBA's failure to make these final four payments was in your May 7, 2021, memo, which indicates that the loan was considered "ineligible" for the last four payments because it was "reported to the Agency by the Lender in May 2020" that PACEM had been "in default since late April 2020."

In May 2020, PACEM was not in default "since late April 2020," as evidenced by the enclosed Fifth and Sixth Amendments to the Promissory Note, dated March 19, 2020, and May 22, 2020, copies of which are at Tabs B and C respectively.

Until we received your May 7, 2021, memo, the only notices we had received, through our lender, regarding the status of the final four CARES Act subsidy payments was that these final four payments were "under review" by the SBA. In the meantime, the lender notified us earlier this year, after the expiration of the promissory note on December 1, 2020, pursuant to Paragraph 2(ii) of the Sixth Amendment (Tab C), of its intent to foreclose. We then reached an amicable forbearance agreement (Tab D) and subsequently arranged for another lender to assume the debt.

---

[1] Pursuant to ¶2(i) of the Sixth Amendment (Tab C), "The unpaid principal balance of the Note shall be payable in six (6) equal monthly installments of principal each in the amount of $775,000, plus interest on the unpaid principal balance, commencing on June 1, 2020 and on the first day of each month hereafter until maturity." According to our calculations, the four subsidy payments for June-September 2020 break down as follows: (1) $3,100,000 principal; $227,850 interest; and (3) $221,126.85 in late fees, which do not include late fees for January through May 2021.

 

PACEM-SOLUTIONS.COM        PACEM-DEFENSE.COM
2941 FAIRVIEW PARK DRIVE • SUITE 350 • FALLS CHURCH • VA • 22042 • USA • +1.571.385.0299

As soon as I received your May 7, 2021, memo, I contacted counsel for the lender, with whom I had just negotiated the above-mentioned forbearance agreement, who was equally surprised about the indication in your memo that the lender had "reported to the Agency . . . in May 2020" that PACEM was "in default since late April 2020." Lender's counsel agreed with me that such a report by the lender makes no sense in light of the enclosed Fifth and Sixth Amendments to the Promissory Note, dated March 19, 2020, and May 22, 2020, respectively.

On May 21, 2021, I also contacted Sarah Hawkins of the SBA, whose name and contact information was included in your May 7, 2021, memo. When Sarah Hawkins and I spoke by phone, I clarified that the current "paid in full" status of the loan is a result of the forbearance agreement undertaken in large part because of the four unpaid subsidy payments. At her request, I e-mailed Sarah Hawkins the enclosed forbearance agreement of March 31, 2021 (Tab D).

In an effort better to understand what might have led to the administrative error apparent from your May 7, 2021, memo, I submitted a FOIA request, copy enclosed at Tab E, seeking documents and communications related to the non-eligibility determination referenced in your enclosed May 7, 2021, memo. I also contacted Ashley Hou, Esq., Regional Counsel for the SBA in Baltimore. After consulting with Ms. Hou about procedural options, I determined that the best approach to getting the administrative error resolved quickly would be through you directly. I would appreciate your advice on the best method both to resolve the administrative error and to initiate whatever process is necessary for the SBA to make the final four (4) subsidy payments under section 1112 of the CARES Act, considering that they have been erroneously withheld.

Finally, just yesterday Ms. Hou e-mailed me: "In accordance with 13 C.F.R. § 102.5 and the FOIA extension guidelines published by the Department of Justice, SBA is seeking 10 additional days to process your request. . . ." In order to move the process of correcting the administrative error forward, which should be corrected in any event, we are not waiting the additional 10 days for the SBA to process our FOIA request. In the event we learn something new from FOIA that is material to our request for your procedural advice, we will contact you promptly.

Feel free to contact me at 703-992-3095, or by e-mail joseph.schmitz@pacem-solutions.com.

Yours truly,

Joseph E. Schmitz
Chief Legal Officer

ENCLOSURES:
Tab A – Jihoon Kim Memo of May 7, 2021, with May 19, 2021, SBA Ombudsman cover letter;
Tab B – Fifth Amendment to the Promissory Note, dated March 19, 2020;
Tab C – Sixth Amendment to the Promissory Note, dated May 22, 2020;
Tab D – Forbearance Agreement of March 31, 2021;
Tab E – FOIA Request of June 18, 2021.

CC: Ashley Hou, Esq., SBA Regional Counsel, Baltimore

292

TAB B



U.S. Small Business
Administration

Dear Mr. Schmitz:

This letter is in response to your Freedom of Information Act (FOIA) request to the U.S. Small Business Administration (SBA) dated 06/22/2021 and received in our office on 07/18/2021. Your FOIA request has been assigned control number **SBA-2021-012861**, please use this control number when referencing your request.

In your FOIA request, you asked for the following records:

This FOIA request is for responsive information, including but not limited to:

- e-mail, text, or written communications between the SBA and Atlantic Union Bank (PACEM's "Lender") for the period from January 2020 until present;
- SBA Form 1502 reports submitted by Lender for SBA Loan No. 2843337007 for the period from January 2020 until present; and
- updates or changes made by Lender or the SBA using E-Tran Servicing relating to SBA Loan No. 2843337007 for the period from January 2020 until present.

During our search, our office did not locate the records you requested. This response is provided to you without charge because our cost of processing your FOIA request was less than $25.

If you are not satisfied with this action, you may appeal this decision to the Chief, Freedom of Information/Privacy Acts Office, U.S. Small Business Administration, 409 Third St., SW, Washington, DC 20416. You must submit an appeal within 90 calendar days of the date of the notice of denial. Your appeal should contain a copy of this correspondence, a description of the information requested in addition to what was denied, the name and title of the SBA official or employee who denied the request, the reason for the denial, and any other facts you deem appropriate.

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

Office of Government Information Services

National Archives and Records Administration

8601 Adelphi Road – OGIS

College Park, MD 20740-6001

E-mail: ogis@nara.gov



U.S. Small Business
Administration
Telephone: 202-741-5770

Toll-free: 1-877-684-6448

Please note that using OGIS services does not affect the timing of filing an appeal with the SBA's FOI/PA Officer.

Thank you for your interest in the Small Business Administration.

 

PACEM SOLUTIONS.COM            PACEM DEFENSE.COM
2941 FAIRVIEW PARK DRIVE • SUITE 350 • FALLS CHURCH • VA • 22042 • USA • +1 571.385.0299

August 5, 2021

Jihoon Kim
Director, Office of Financial Program Operations
U.S. Small Business Administration
Via E-mail: Jihoon.kim@sba.gov

> SUBJ: Supplement to July 20, 2021, Letter Requesting "Correction of Administrative Error Resulting in Non-eligibility Determination" and "Payment of CARES Act Subsidy Payments; Loan No. 2843337007"

Dear Mr. Kim:

As promised in our enclosed letter of July 20, 2021 (Tab A), we are contacting you because the SBA response we received July 28, 2021, to our FOIA request referenced in our July 20, 2021, letter is material to our request for your procedural advice. The enclosed SBA response is material to what our July 20, 2021, letter referred to as an "administrative error resulting in non-eligibility determination," and therefore supports our claim for "payment of [the remaining four (4)] CARES Act subsidy payments [for] Loan No. 2843337007."

Our FOIA request asked for "e-mail, text, or written communications between the SBA and Atlantic Union Bank (PACEM's 'Lender')," "SBA Form 1502 reports submitted by Lender for SBA Loan No. 2843337007," and "updates or changes made by Lender or the SBA using E-Tran Servicing relating to SBA Loan No. 2843337007" from January 2020 until present.

The SBA's response at Tab B asserts: "During our search, our office did not locate the records you requested." The lack of responsive records supports our claim for the final four "payment[s] of CARES Act subsidy payments [for] Loan No. 2843337007" by further undermining the foundation of what your May 7, 2021, Memo described as a CARES Act ineligibility determination based ostensibly on it having been "reported to the Agency by the Lender in May 2020" that PACEM's loan had been "in default since late April 2020." The ineligibility determination described in your May 7, 2021, Memo is premised on the existence of some form of communication between the Lender and the SBA relating to PACEM's Loan No. 2843337007 "in May 2020," *i.e.*, within the time frame of our FOIA request for "January 2020 until present."

The enclosed SBA FOIA response that there are no records of such communication thus confirms our assessment there was an administrative error in the SBA's non-eligibility determination referenced in your May 7, 2021, Memo. As such, we reiterate our request for correction of that error and for your guidance on how best to initiate whatever process is necessary for the SBA to remit the final four (4) CARES Act subsidy payments to PACEM.

Yours truly,

Joseph E. Schmitz,
Chief Legal Officer

ENCLOSURES: As stated
CC:  Ashley Hou, Esq., SBA Regional Counsel, Baltimore

# TAB A



**PACEM**
SOLUTIONS INTERNATIONAL
PACEM-SOLUTIONS.COM

**P A C E M**
PACEM-DEFENSE.COM

2941 FAIRVIEW PARK DRIVE • SUITE 350 • FALLS CHURCH • VA • 22042 • USA • +1.571.385.0299

July 20, 2021

Via E-mail: Jihoon.kim@sba.gov

Mr. Jihoon Kim
Director, Office of Financial Program Operations
U.S. Small Business Administration
Washington, D.C. 20416

SUBJ: Correction of Administrative Error Resulting in Non-eligibility Determination;
Procedures for Payment of Remaining Four (4) CARES Act Subsidy Payments;
SBA Loan No. 2843337007

Dear Mr. Kim:

For the reasons explained below, we respectfully request that you correct the administrative error apparent from your enclosed memo of May 7, 2021, which was e-mailed to the undersigned on May 19, 2021, by the SBA Ombudsman (see Tab A).  More importantly, we request your procedural advice on how best to initiate whatever process is necessary for the SBA to make the final four (4) subsidy payments under section 1112 of the CARES Act, which the SBA did not make in June–September 2020 on account of the administrative error, totaling $3,548,976.85 in "principal, interest, and any associated fees that are owed."  CARES Act, §1112(c).[1]

After issuing two (2) subsidy payments on PACEM Loan No. 2843337007 for April and May of 2020, the SBA, without any explanation to PACEM, failed to make the four (4) remaining payments for June to September 2020.  The first and only explanation for the SBA's failure to make these final four payments was in your May 7, 2021, memo, which indicates that the loan was considered "ineligible" for the last four payments because it was "reported to the Agency by the Lender in May 2020" that PACEM had been "in default since late April 2020."

In May 2020, PACEM was not in default "since late April 2020," as evidenced by the enclosed Fifth and Sixth Amendments to the Promissory Note, dated March 19, 2020, and May 22, 2020, copies of which are at Tabs B and C respectively.

Until we received your May 7, 2021, memo, the only notices we had received, through our lender, regarding the status of the final four CARES Act subsidy payments was that these final four payments were "under review" by the SBA.  In the meantime, the lender notified us earlier this year, after the expiration of the promissory note on December 1, 2020, pursuant to Paragraph 2(ii) of the Sixth Amendment (Tab C), of its intent to foreclose.  We then reached an amicable forbearance agreement (Tab D) and subsequently arranged for another lender to assume the debt.

---

[1] Pursuant to ¶2(i) of the Sixth Amendment (Tab C), "The unpaid principal balance of the Note shall be payable in six (6) equal monthly installments of principal each in the amount of $775,000, plus interest on the unpaid principal balance, commencing on June 1, 2020 and on the first day of each month hereafter until maturity."  According to our calculations, the four subsidy payments for June-September 2020 break down as follows:  (1) $3,100,000 principal; $227,850 interest; and (3) $221, 126.85 in late fees, which do not include late fees for January through May 2021.

 

**PACEM**
SOLUTIONS INTERNATIONAL
PACEM-SOLUTIONS.COM

**P A C E M**
PACEM-DEFENSE.COM

2941 FAIRVIEW PARK DRIVE • SUITE 350 • FALLS CHURCH • VA • 22042 • USA • +1.571.385.0299

As soon as I received your May 7, 2021, memo, I contacted counsel for the lender, with whom I had just negotiated the above-mentioned forbearance agreement, who was equally surprised about the indication in your memo that the lender had "reported to the Agency . . . in May 2020" that PACEM was "in default since late April 2020."  Lender's counsel agreed with me that such a report by the lender makes no sense in light of the enclosed Fifth and Sixth Amendments to the Promissory Note, dated March 19, 2020, and May 22, 2020, respectively.

On May 21, 2021, I also contacted Sarah Hawkins of the SBA, whose name and contact information was included in your May 7, 2021, memo.  When Sarah Hawkins and I spoke by phone, I clarified that the current "paid in full" status of the loan is a result of the forbearance agreement undertaken in large part because of the four unpaid subsidy payments.  At her request, I e-mailed Sarah Hawkins the enclosed forbearance agreement of March 31, 2021 (Tab D).

In an effort better to understand what might have led to the administrative error apparent from your May 7, 2021, memo, I submitted a FOIA request, copy enclosed at Tab E, seeking documents and communications related to the non-eligibility determination referenced in your enclosed May 7, 2021, memo.  I also contacted Ashley Hou, Esq., Regional Counsel for the SBA in Baltimore.  After consulting with Ms. Hou about procedural options, I determined that the best approach to getting the administrative error resolved quickly would be through you directly.  I would appreciate your advice on the best method both to resolve the administrative error and to initiate whatever process is necessary for the SBA to make the final four (4) subsidy payments under section 1112 of the CARES Act, considering that they have been erroneously withheld.

Finally, just yesterday Ms. Hou e-mailed me:  "In accordance with 13 C.F.R. § 102.5 and the FOIA extension guidelines published by the Department of Justice, SBA is seeking 10 additional days to process your request. . . ."  In order to move the process of correcting the administrative error forward, which should be corrected in any event, we are not waiting the additional 10 days for the SBA to process our FOIA request.  In the event we learn something new from FOIA that is material to our request for your procedural advice, we will contact you promptly.

Feel free to contact me at 703-992-3095, or by e-mail joseph.schmitz@pacem-solutions.com.

Yours truly,

Joseph E. Schmitz
Chief Legal Officer

ENCLOSURES:
Tab A – Jihoon Kim Memo of May 7, 2021, with May 19, 2021, SBA Ombudsman cover letter;
Tab B – Fifth Amendment to the Promissory Note, dated March 19, 2020;
Tab C – Sixth Amendment to the Promissory Note, dated May 22, 2020;
Tab D – Forbearance Agreement of March 31, 2021;
Tab E – FOIA Request of June 18, 2021.

CC:  Ashley Hou, Esq., SBA Regional Counsel, Baltimore

# TAB B



**SBA**

U.S. Small Business
Administration

Dear Mr. Schmitz:

This letter is in response to your Freedom of Information Act (FOIA) request to the U.S. Small Business Administration (SBA) dated 06/22/2021 and received in our office on 07/18/2021. Your FOIA request has been assigned control number **SBA-2021-012861**, please use this control number when referencing your request.

In your FOIA request, you asked for the following records:

This FOIA request is for responsive information, including but not limited to:

- e-mail, text, or written communications between the SBA and Atlantic Union Bank (PACEM's "Lender") for the period from January 2020 until present;
- SBA Form 1502 reports submitted by Lender for SBA Loan No. 2843337007 for the period from January 2020 until present; and
- updates or changes made by Lender or the SBA using E-Tran Servicing relating to SBA Loan No. 2843337007 for the period from January 2020 until present.

During our search, our office did not locate the records you requested. This response is provided to you without charge because our cost of processing your FOIA request was less than $25.

If you are not satisfied with this action, you may appeal this decision to the Chief, Freedom of Information/Privacy Acts Office, U.S. Small Business Administration, 409 Third St., SW, Washington, DC 20416. You must submit an appeal within 90 calendar days of the date of the notice of denial. Your appeal should contain a copy of this correspondence, a description of the information requested in addition to what was denied, the name and title of the SBA official or employee who denied the request, the reason for the denial, and any other facts you deem appropriate.

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

Office of Government Information Services

National Archives and Records Administration

8601 Adelphi Road – OGIS

College Park, MD 20740-6001

E-mail: ogis@nara.gov



U.S. Small Business
Administration
**Telephone: 202-741-5770**

Toll-free: 1-877-684-6448

Please note that using OGIS services does not affect the timing of filing an appeal with the SBA's FOI/PA Officer.

Thank you for your interest in the Small Business Administration.



SOLUTIONS INTERNATIONAL
PACEM-SOLUTIONS.COM          PACEM-DEFENSE.COM
2941 FAIRVIEW PARK DRIVE • SUITE 350 • FALLS CHURCH • VA • 22042 • USA • +1.571.385.0299

December 1, 2021

*Via E-mail: foia@sba.gov*

U.S. Small Business Administration
ATTN: Chief, Freedom of Information/Privacy Acts (FOI/PA) Office/ Requester Service Center
409 Third St., SW
Washington, D.C. 20416

      Subj:  2nd FOIA Request, after FOIA Appeal #2021-016204, Related to SBA Loan of
              Pacem Solution International LLC ("PACEM"), Loan No. 2843337007

Dear Sir/Madam:

On June 18, 2021, I requested, under the Freedom of Information Act (FOIA), any and all
information relating to SBA Loan of Pacem Solution International LLC ("PACEM"), No.
2843337007, and this CARES Act subsidy ineligibility determination for Loan No. 2843337007
as described in the enclosed Memo from SBA Director, Office of Financial Program Operations,
to SBA Deputy National Ombudsman, "The loan has been in default since late April 2020,
which was reported to the Agency by the Lender in May 2020. . . . Agency records indicate that
subsidy payments were made for April 2020 and May of 2020. However, once the Borrower was
reported to be in default, the Borrower ceased to be in regular servicing status as required under
the CARES Act.  As a result, the Borrower was ineligible for the remaining four subsidy pay-
ments that would have covered June through September of 2020," including but not limited to:

- e-mail, text, or written communications between the SBA and Atlantic Union Bank
  (PACEM's "Lender") for the period from January 2020 until present;
- SBA Form 1502 reports submitted by Lender for SBA Loan No. 2843337007 for the
  period from January 2020 until present;
  - updates or changes made by Lender or the SBA using E-Tran Servicing relating
    to SBA Loan No. 2843337007 for the period from January 2020 until present.

After successfully appealing the first SBA FOIA response, which indicated that there was no
responsive information, I was informed by the enclosed September 28, 2021, SBA Appeal
Response letter (Appeal #2021-016204) that there was responsive information but that it was
being withheld pending "an on-going enforcement proceeding." That "proceeding" reportedly
has since been completed.  Accordingly, I hereby reiterate the above FOIA request.

I agree to pay reasonable copying charges associated with this request.  If such charges are likely
to exceed $25, please contact the undersigned in advance of incurring such charges.

Finally, this request for information involves "[a]n urgency to inform the public about an actual
or alleged Federal Government activity, if made by a person who is primarily engaged in
disseminating information." 13 C.F.R. § 102.5(e)(1)(ii). In this regarded, the undersigned, who
served as the DoD Inspector General from 2002-05, regularly posts articles under the banner




PACEM-SOLUTIONS.COM          PACEM-DEFENSE.COM
2941 FAIRVIEW PARK DRIVE • SUITE 350 • FALLS CHURCH • VA • 22042 • USA • +1.571.385.0299

"Support and Defend" at https://www.newsmax.com/archives/josepheschmitz/164/2020/6/, many of which articles are designed "to inform the public concerning actual or alleged government activity." *See, e.g.*, "IG Report on Comey Obscures That Strzok, Page Behind Key Determinations," September 13, 2019 (https://www.newsmax.com/josepheschmitz/comey-inspector-general-strzok-page/2019/09/13/id/932570/).  Specifically, the following press articles, which are representative of many more, demonstrate, "The existence of numerous articles published on a given subject[, which] can be helpful in establishing the requirement that there be an 'urgency to inform' the public on the topic" (13 C.F.R. § 102.5(e)(3)):

- https://www.globenewswire.com/en/news-release/2021/01/11/2155882/0/en/SBA-Extends-Crucial-Lifeline-to-Borrowers-Impacted-by-COVID-19-with-Debt-Relief.html
- https://www.eastwestbank.com/ReachFurther/en/News/Article/Tap-into-New-SBA-Debt-Relief-for-7a-and-504-Lending-Loans
- https://rejournals.com/congress-has-passed-another-covid-relief-bill-what-does-it-mean-for-the-ppp/

This request also involves records needed to avoid "[t]he loss of substantial due process rights[.]" 13 C.F.R. § 102.5(e)(1)(iii). The requested records relate to the SBA's determination that Loan No. 2843337007 was "ineligible for [ ] four subsidy payments that would have covered June through September of 2020," see enclosed Memo, a decision that resulted in PACEM's loss of over $3,100,000 in loan payments guaranteed to it under Section 1112 of the CARES Act. *See* CARES Act, Pub. L. No. 116–136, § 1112(c), Mar. 27, 2020, 134 Stat. 309 (codified at 15 U.S.C. §§ 9001–9080 (2020)). PACEM was not notified of this ineligibility determination until May 2021. The SBA and Lender have provided conflicting accounts to PACEM of the communications leading up to the ineligibility decision, and the requested records are needed to exercise PACEM's due process rights to appeal the SBA's decision.

Accordingly, I respectfully request expedited processing.

### Certification to Accompany FOIA Request for Expedited Processing

The undersigned certifies that the statements in this request for expedited processing, and the statements in this certification, are true and correct to the best of the undersigned's knowledge.

Please feel free to call me at 703-992-3095 or through e-mail joseph.schmitz@pacem-solutions.com, if you have any questions or concerns.

Yours truly,

Joseph E. Schmitz

- ENCLOSURES:
  - Memo from SBA Director, Office of Financial Program Operations, to SBA Deputy National Ombudsman, May 7, 2021;
  - SBA FOIA Appeal Response Letter of September 28, 2021



U.S. SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416

Date:       May 7, 2021

To:         Mina A. Wales
            Deputy National Ombudsman

From:

            *for* Jihoon Kim
            Director
            Office of Financial Program Operations

Re:         Comments from Joseph Schmitz - Pacem Solutions International, LLC
            SBA Loan 2843337007

The Office of the National Ombudsman (ONO) received a comment from Mr. Joseph Schmitz, Chief Legal Officer of Pacem Solution International, LLC ("Borrower"), regarding SBA subsidy payments under section 1112 of the Coronavirus Aid, Relief and Economic Security Act (CARES Act), wherein SBA stated it will pay the principal, interest that Borrowers owe on a "covered loan" in a "regular servicing status" to 7(a) Lenders and Certified Development Companies (CDCs) for a 6-month period.

Agency records indicate that Pacem Solutions International, LLC has, an outstanding International Trade loan that was fully funded August 10, 2018 for $5,000,000.   The loan currently and has an outstanding balance of $4,650,000.  The loan has been in default since late April 2020, which was reported to the Agency by the Lender in May 2020.  The current status of the loan is "Disbursed in Liquidation".

Mr. Schmitz states that SBA did not make four of the six monthly subsidy payments to the Borrower's lender to credit the outstanding loan.  Agency records indicate that subsidy payments were made for April 2020 and May of 2020.  However, once the Borrower was reported to be in default, the Borrower ceased to be in regular servicing status as required under the CARES Act. As a result, the Borrower was ineligible for the remaining four subsidy payments that would have covered June through September of 2020.

If you have further questions about SBA servicing and CARES Act programs, please contact Sarah Hawkins, Deputy Center Director at sarah.hawkins@sba.gov or by phone at (501) 324-5871, extension 242.

305



**U.S. SMALL BUSINESS ADMINISTRATION**
WASHINGTON, D.C. 20416

September 28, 2021

Mr. Joseph Schmitz
Via electronic mail – joseph.schmitz@pacem-solutions.com

Re: Appeal of FOIA Initial Request #2021-012861 (Appeal #2021-016204)

Dear Mr. Schmitz:

This determination is in response to your Freedom of Information Act (FOIA) request that you submitted on June 18, 2021. This appeal was timely received in the SBA FOIA/PA Office, on August 13, 2021.

## I.   Background

On June 18, 2020, Joseph Schmitz ("Appellant") submitted a request for information under the Freedom of Information Act pursuant to 5 U.S.C. §552. That request sought *"…any and all information relating to SBA Loan of Pacem Solution International LLC ("PACEM"), No. 2843337007, and the following CARES Act subsidy ineligibility determination for Loan No. 2843337007, as described in the enclosed May 7, 2021, Memo from SBA Director, Office of Financial Program Operations, to SBA Deputy National Ombudsman:*

*"The loan has been in default since late April 2020, which was reported to the Agency by the Lender in May 2020. . .. Agency records indicate that subsidy payments were made for April 2020 and May of 2020. However, once the Borrower was reported to be in default, the Borrower ceased to be in regular servicing status as required under the CARES Act. As a result, the Borrower was ineligible for the remaining four subsidy payments that would have covered June through September of 2020."*

*This FOIA request is for responsive information, including but not limited to:*

*• e-mail, text, or written communications between the SBA and Atlantic Union Bank (PACEM's "Lender") for the period from January 2020 until present; • SBA Form 1502 reports submitted by Lender for SBA Loan No. 2843337007 for the period from January 2020 until present; and*

*• updates or changes made by Lender or the SBA using E-Tran Servicing relating to SBA Loan No. 2843337007 for the period from January 2020 until present."*

307

On July 28, 2021, the Herndon National Guaranty Purchase Center (NGPC) issued a no records determination. The Appellant challenges NGPC's no record determination and argues that a proper search was not conducted.

## II.   Decision on Appeal

After careful consideration of all the relevant facts, we **AFFIRM** the Appellant's challenge of their no records response, however this Office finds the requested material is **EXEMPT** from disclosure under Exemptions 5 and 7(a).

## III.   Discussion & Analysis

The FOIA[1] provides access to records of federal agencies in the executive branch, unless those records fall within one of nine categories of exempt information that agencies are permitted (but generally not required) to withhold.[2] Agencies must generally make a determination with respect to an ordinary FOIA request within 20 working days, and the responsive records must be made "promptly available" thereafter. The Court of Appeals for the D.C. Circuit has stated that "depending on the circumstances "promptly available" typically would mean within days or a few weeks of a 'determination,' not months or years.[3]

The Appellant submitted a request for their loan file and received a no records response from NGPC. The Appellant argues that NPGC's search was inadequate, which in fact is true, however, upon further review we find that the requested records fall under Exemptions 5 and 7(a) and are exempt from disclosure. Please be aware that a "failure to raise an exemption at any level of the administrative process does not constitute a waiver of that defense."[4]

### Exemption 5

Exemption (b)(5) of the FOIA exempts from mandatory disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."[5] The Supreme Court has held that this provision exempts "those documents, and only those documents, normally privileged in the civil discovery context."[6] In addition, the courts have identified three traditional privileges, among others, that fall under Exemption (b)(5): the attorney-client privilege, the attorney work-product privilege, and the executive "deliberative process" privilege.[7] Under the deliberative process privilege, agencies are permitted to withhold documents that reflect advisory opinions, recommendations and deliberations

---

[1] 5 U.S.C. 552

[2] 5 U.S.C. 552(b)

[3] Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n, 711 F.3d 180, 188 (D.C. Cir. 2013)

[4] Frito-Lay v. EEOC, 964 F. Supp. 236, 239 (W.D. Ky. 1997)

[5] 5 U.S.C. § 552(b)(5)

[6] NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975)

[7] Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 862 (D.C. Cir. 1980)

comprising part of the process by which government decisions and policies are formulated.[1]   The privilege is intended to promote frank and independent discussion among those responsible for making governmental decisions.[2]   The ultimate purpose of the Exemption 5 deliberative process privilege is to protect the quality of agency decisions.[3]   In order to be shielded by the privilege, a record must be pre-decisional, generated before the adoption of agency policy, and deliberative, reflecting the give-and-take of the consultative process.[4]   The deliberative process privilege does not exempt purely factual information from disclosure.[5]   However, "[t]o the extent that pre-decisional materials, even if 'factual' in form, reflect an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter, they are protected under Exemption 5."[6]   The deliberative process privilege routinely protects certain types of information, including "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency."[7]

Our review of the information withheld reveals that the records in question consisted of a review of the Appellant's loan file based in part on the issues raised in their comment letter to the Agency Ombudsman's Office.   These discussions were contained in emails between Agency employees providing advice to Senior Agency Officials.   Courts have recognized that there is a greater likelihood that documents are pre-decisional in nature when they flow from subordinate employees to more senior officials.[8]   The majority of these communications are deliberative in that they reflect employee recommendations.   The records contain opinions and analyses for the purpose of guiding Senior Agency Officials, all of which are critical to the decision-making process and highly indicative that the records are pre-decisional and deliberative in nature.[9]

In addition, because the records may contain factual material it does not preclude them from exemption if Agency employees used these facts for analyses and to make recommendations for the benefit of Senior Agency Officials.   It has been established that factual information shall not be disclosed when "the majority of [the document's] factual material was assembled through an exercise of judgement in extracting pertinent material from a vast number of documents for the benefit of an official called upon to take a discretionary action."[10]

**Exemption 7(a)**

---

[1] Sears, 421 U.S. at 151

[2] EPA v. Mink, 410 U.S. 73, 87 (1973) (quoting Kaiser Aluminum & Chem. Corp. v. United States, 157 F. Supp. 939 (1958))

[3] Sears, 421 U.S. at 151

[4] Coastal States, 617 F.2d at 866

[5] Petroleum Info. Corp. v. Dep't of the Interior, 976 F.2d 1429, 1435 (D.C. Cir. 1992)

[6] Id

[7] Coastal States, 617 F.2d at 866

[8] Muttitt v. Dep't of State, 926 F. Supp. 2d 284, 308 (D.D.C. 2013)

[9] Am. Ctr. for Law & Justice v. United States DOJ, 392 F. Supp. 3d 100, 106 (D.D.C. 2019)

[10] Mapother v. DOJ, 3 F.3d 1533, 1539 (D.C. Cir. 1993)

Page 3

There is a two-step test to determine whether information is protected under Exemption 7(A): (1) whether a law enforcement proceeding is pending or prospective, and (2) whether release of information about it could reasonably be expected to cause some articulable harm.[1]  Our office has confirmed that this matter is under review and that releasing the withheld information could reasonably be expected to interfere with an on-going enforcement proceeding.

Please be aware that the decision to affirm the assertion of Exemption 7(A) should not be construed as an indication that any violations of law have occurred with respect to any person or entity.  Should you have a continuing interest in this matter, you may contact the Agency within six months of the date of this decision to determine if the status of the on-going law enforcement proceeding has changed.  As Exemption 7(A) precludes the release of the information at this time, no determination has been made concerning the applicability of any other FOIA Exemptions.  The Agency reserves the right to review the information to assert any other exemption when Exemption 7(A) is no longer applicable.[2]

Accordingly, we find that the records in question are exempt from disclosure.

In accordance with 13 C.F.R. § 102.8, fees are not assessed for the processing of this appeal.

## IV.    Exhaustion of Administrative Remedies

Please be advised that with this appeal, you have now exhausted your administrative remedies for this FOIA request.  You may pursue this matter in the United States District Court for the district in which you reside or have your principal place of business, or where the records are located, or in the District of Columbia.

In addition, as part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS as follows:

> The U.S. National Archives and Records Administration
>
> Office of Government Information Services
>
> 8601 Adelphi Road - OGIS
>
> College Park, MD 20740-6001
>
> Telephone: 202-741-5770
>
> Toll-free: 1-877-684-6448

---

[1] NLRB v. Robbins· Tire & Rubber Co., 437 U.S.214, 224 (1978) (holding that the government must show how records "would interfere with a pending enforcement proceeding"); Juarez v. Dep't of Justice, 518 f.3d 54, 58-59 (D.C. Cir. 2008) (explaining that government must show that its ongoing law enforcement proceeding could be harmed by premature release of evidence or information)

[2] LeForce & McCombs, P. C. v. Dept. of Health and Human Services, Case No. Civ-04-176-SH (E.D. Okla. Feb. 3, 2005) (an agency does not waive the right to invoke exemptions by not invoking such exemption during the administrative processing of a FOIA request)

Facsimile: 202-741-5769

E-mail: ogis@nara.gov

Respectfully,

*Regina Olanegan*

for

Oreoluwa Fashola
Chief, Freedom of
Information/Privacy Acts Office

Cc: OGC
    OIG
    OCA

Page 5

311

| From: | Joseph Schmitz |
|---|---|
| To: | Fashola, Oreoluwa O. |
| Cc: | FOIA; Hou, Ashley H.; Saberre, Joanne T.; SBA National Ombudsman; Smith, Nicole |
| Subject: | FW: FOIA APPEAL, ATT: Chief, Freedom of Information/Privacy Acts Office |
| Date: | Tuesday, May 3, 2022 2:26:00 PM |
| Attachments: | 2021-12-01 2nd FOIA Request to SBA with enclosures.pdf |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | 2021-09-28 Appeal Response_SBA-2021-016204 Schmitz (e-mailed 9-30-21).pdf |

Dear Oreoluwa:

After I submitted my attached 2nd FOIA request to you on December 1, 2021, I was advised that the "on-going enforcement proceeding" referenced in your September 28, 2021, FOIA Appeal Response letter was at the time still ongoing. For convenience, I am attaching a copy of your September 28, 2021, letter.

If the "on-going enforcement proceeding" referenced in your September 28, 2021, letter is still ongoing, please let me know. If it has concluded, please process the attached 2nd FOIA request on an expedited basis. As indicated in the attached 2nd FOIA request, the information we are requesting is urgently needed.

Yours truly,

**JOSEPH SCHMITZ**
Chief Legal Officer

 

2941 Fairview Park Drive    **US Cell:**    +1 703 992 3095
Suite 350    **Office:**    +1 571 385 0297
Falls Church, VA 22042    **Email**    joseph.schmitz@pacem-solutions.com
     joseph.schmitz@pacem-defense.com

**From:** Joseph Schmitz
**Sent:** Wednesday, December 1, 2021 3:33 PM
**To:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>; Naomi Allen <naomi.allen@pacem-solutions.com>
**Cc:** FOIA <FOIA@sba.gov>; Hou, Ashley H. <Ashley.Hou@sba.gov>; Saberre, Joanne T. <joanne.saberre@sba.gov>; SBA National Ombudsman <ombud@sba.gov>
**Subject:** RE: FOIA APPEAL, ATT: Chief, Freedom of Information/Privacy Acts Office

Dear Oreoluwa:

Now that the "on-going enforcement proceeding" referenced in your September 28, 2021, FOIA Appeal Response letter has concluded, I prepared the attached 2nd FOIA request, which is a reiteration of my original request.

Please let me know if there is anything else I need to do to avoid starting from scratch. As indicated in the attached 2nd FOIA request, the information we are requesting is urgently needed.

Yours truly,

**JOSEPH SCHMITZ**
Chief Legal Officer

 

| | | |
|---|---|---|
| 2941 Fairview Park Drive | **US Cell:** | +1 703 992 3095 |
| Suite 350 | **Office:** | +1 571 385 0297 |
| Falls Church, VA 22042 | **Email** | joseph.schmitz@pacem-solutions.com |
| | | joseph.schmitz@pacem-defense.com |

**From:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>
**Sent:** Wednesday, September 29, 2021 10:58 PM
**To:** Joseph Schmitz <joseph.schmitz@pacem-solutions.com>; Naomi Allen <naomi.allen@pacem-solutions.com>
**Cc:** FOIA <FOIA@sba.gov>; Hou, Ashley H. <Ashley.Hou@sba.gov>; Saberre, Joanne T. <joanne.saberre@sba.gov>; SBA National Ombudsman <ombud@sba.gov>
**Subject:** RE: FOIA APPEAL, ATT: Chief, Freedom of Information/Privacy Acts Office

> **\*\*This email is from an External Source**. Please use caution when clicking links or opening attachments.\*\*

Mr. Schmitz,

Review of the information took longer than usual and I regret this delay, you shall receive a response no later than close of business Monday, October 4, 2021, if not sooner.

Oreoluwa (Ore) Fashola
Chief, Freedom of Information & Privacy Act (FOI/PA)
Office of Hearings and Appeals (OHA)
U.S. Small Business Administration (SBA)
O – (202) 401-7793
F – (202) 841-1541
oreoluwa.fashola@sba.gov





*This electronic message contains information generated by the SBA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the*

313

*law and subject the violator to civil or criminal penalties. If you believe you have received this message in error,
please notify the sender and delete the email immediately.*

**From:** Joseph Schmitz <joseph.schmitz@pacem-solutions.com>
**Sent:** Wednesday, September 29, 2021 1:55 PM
**To:** FOIA <FOIA@sba.gov>; Naomi Allen <naomi.allen@pacem-solutions.com>
**Cc:** Hou, Ashley H. <Ashley.Hou@sba.gov>; Saberre, Joanne T. <joanne.saberre@sba.gov>; SBA
National Ombudsman <ombud@sba.gov>
**Subject:** RE: FOIA APPEAL, ATT: Chief, Freedom of Information/Privacy Acts Office

CAUTION - The sender of this message is external to the SBA network. Please use care when
clicking on links and responding with sensitive information. Send suspicious email to
spam@sba.gov.

Dear Ore:

Did you already send the response to my FOIA appeal that you suggested would be sent "by
Wednesday, September 22, 2021"? If so, please re-send it to this email as I have not seen it.

Yours truly,
/Joe/

**JOSEPH SCHMITZ**
Chief Legal Officer



| | | 2941 Fairview Park Drive | **US Cell:** | +1 703 992 3095 |
| | | Suite 350 | **Office:** | +1 571 385 0297 |
| | | Falls Church, VA 22042 | **Email** | joseph.schmitz@pacem-solutions.com |
| | | | | joseph.schmitz@pacem-defense.com |

**From:** FOIA <FOIA@sba.gov>
**Sent:** Thursday, September 16, 2021 2:35 PM
**To:** Naomi Allen <naomi.allen@pacem-solutions.com>; FOIA <FOIA@sba.gov>
**Cc:** Joseph Schmitz <joseph.schmitz@pacem-solutions.com>; Hou, Ashley H. <Ashley.Hou@sba.gov>;
Saberre, Joanne T. <joanne.saberre@sba.gov>; SBA National Ombudsman <ombud@sba.gov>
**Subject:** RE: FOIA APPEAL, ATT: Chief, Freedom of Information/Privacy Acts Office

**This email is from an **External Source**. Please use caution when clicking links or opening
attachments.**

Mr. Schmitz,

We regret the delay in responding to your appeal, however we are still gathering more information
from the program office. We will provide a response to you by Wednesday, September 22, 2021.

Sincerely,

**Oreoluwa (Ore) Fashola**
**Chief, Freedom of Information & Privacy Act (FOI/PA)**
**Office of Hearings and Appeals (OHA)**
**U.S. Small Business Administration (SBA)**
**O – (202) 401-7793**
**F – (202) 841-1541**
**oreoluwa.fashola@sba.gov**

 U.S. Small Business Administration

  

*This electronic message contains information generated by the SBA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.*

**From:** Naomi Allen <naomi.allen@pacem-solutions.com>
**Sent:** Friday, August 13, 2021 3:48 PM
**To:** FOIA <FOIA@sba.gov>
**Cc:** Joseph Schmitz <joseph.schmitz@pacem-solutions.com>; Hou, Ashley H. <Ashley.Hou@sba.gov>; Saberre, Joanne T. <joanne.saberre@sba.gov>; SBA National Ombudsman <ombud@sba.gov>
**Subject:** FOIA APPEAL, ATT: Chief, Freedom of Information/Privacy Acts Office

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

To whom it may concern in the FOIA/PA Office:

Please find attached a letter from Joseph Schmitz, Chief Legal Officer of Pacem Solutions International LLC, which is an appeal of the SBA's July 28, 2021, response to PACEM's FOIA request submitted on June 18, 2021, with control number SBA-2021-012861.

Copied on this e-mail are SBA counsel with whom PACEM have communicated on this matter and the SBA Office of the National Ombudsman, ATT: Cynthia Pope, Case Manager.

Best regards,

Naomi Allen
Legal Intern | Pacem Solutions International LLC

This e-mail contains confidential and/or privileged information and is for the sole use of the intended recipient. It may not be disclosed to or used by anyone other than the addressee. If you are not the intended recipient, or have received this e-mail in error, please notify the sender by return e-mail and delete this e-mail and all attachments from your system.

**EXPORT WARNING:** This e-mail may contain information or attachments whose export is restricted by the International Traffic in Arms Regulations (ITAR) or Export Administration Regulations (EAR). This information or attachment(s) may not be exported, re-exported, or transferred to a foreign person or entity without the proper authorization(s) from the U.S. Government. Violations may result in civil, administrative, or criminal penalties.

This e-mail contains confidential and/or privileged information and is for the sole use of the intended recipient. It may not be disclosed to or used by anyone other than the addressee. If you are not the intended recipient, or have received this e-mail in error, please notify the sender by return e-mail and delete this e-mail and all attachments from your system.

**EXPORT WARNING:** This e-mail may contain information or attachments whose export is restricted by the International Traffic in Arms Regulations (ITAR) or Export Administration Regulations (EAR). This information or attachment(s) may not be exported, re-exported, or transferred to a foreign person or entity without the proper authorization(s) from the U.S. Government. Violations may result in civil, administrative, or criminal penalties.

This e-mail contains confidential and/or privileged information and is for the sole use of the intended recipient. It may not be disclosed to or used by anyone other than the addressee. If you are not the intended recipient, or have received this e-mail in error, please notify the sender by return e-mail and delete this e-mail and all attachments from your system.

**EXPORT WARNING:** This e-mail may contain information or attachments whose export is restricted by the International Traffic in Arms Regulations (ITAR) or Export Administration Regulations (EAR). This information or attachment(s) may not be exported, re-exported, or transferred to a foreign person or entity without the proper authorization(s) from the U.S. Government. Violations may result in civil, administrative, or criminal penalties.

This e-mail contains confidential and/or privileged information and is for the sole use of the intended recipient. It may not be disclosed to or used by anyone other than the addressee. If you are not the intended recipient, or have received this e-mail in error, please notify the sender by

return e-mail and delete this e-mail and all attachments from your system.

**EXPORT WARNING:** This e-mail may contain information or attachments whose export is restricted by the International Traffic in Arms Regulations (ITAR) or Export Administration Regulations (EAR). This information or attachment(s) may not be exported, re-exported, or transferred to a foreign person or entity without the proper authorization(s) from the U.S. Government. Violations may result in civil, administrative, or criminal penalties.

| From: | Fashola, Oreoluwa O. |
|---|---|
| To: | Joseph Schmitz |
| Cc: | FOIA; Hou, Ashley H.; Saberre, Joanne T.; SBA National Ombudsman; Smith, Nicole |
| Subject: | RE: FOIA APPEAL, ATT: Chief, Freedom of Information/Privacy Acts Office |
| Date: | Friday, May 13, 2022 11:56:57 AM |
| Attachments: | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

**\*\*This email is from an External Source. Please use caution when clicking links or opening attachments.\*\***

Mr. Schmitz,

The Office of General Counsel has informed me that this matter is still under review.

Oreoluwa (Ore) Fashola
Chief, Freedom of Information & Privacy Act (FOI/PA)
Office of Hearings and Appeals (OHA)
U.S. Small Business Administration (SBA)
O – (202) 401-7793
F – (202) 841-1541
oreoluwa.fashola@sba.gov

 U.S. Small Business Administration



*This electronic message contains information generated by the SBA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.*

**From:** Joseph Schmitz <joseph.schmitz@pacem-solutions.com>
**Sent:** Friday, May 13, 2022 11:18 AM
**To:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>
**Cc:** FOIA <FOIA@sba.gov>; Hou, Ashley H. <Ashley.Hou@sba.gov>; Saberre, Joanne T. <joanne.saberre@sba.gov>; SBA National Ombudsman <ombud@sba.gov>; Smith, Nicole <Nicole.Smith@mail.house.gov>
**Subject:** RE: FOIA APPEAL, ATT: Chief, Freedom of Information/Privacy Acts Office

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

Dear Oreoluwa:

Please confirm receipt of my May 3, 2022, e-mail, forwarded below.  If you have already replied to my May 3, 2022, e-mail, please resend your reply.

Yours truly,

**JOSEPH SCHMITZ**
Chief Legal Officer

 

| | | |
|---|---|---|
| 2941 Fairview Park Drive | **US Cell:** | +1 703 992 3095 |
| Suite 350 | **Office:** | +1 571 385 0297 |
| Falls Church, VA 22042 | **Email** | joseph.schmitz@pacem-solutions.com |
| | | joseph.schmitz@pacem-defense.com |

**From:** Joseph Schmitz
**Sent:** Tuesday, May 3, 2022 2:27 PM
**To:** Fashola, Oreoluwa O. <Oreoluwa.Fashola@sba.gov>
**Cc:** FOIA <FOIA@sba.gov>; Hou, Ashley H. <Ashley.Hou@sba.gov>; Saberre, Joanne T. <joanne.saberre@sba.gov>; SBA National Ombudsman <ombud@sba.gov>; Smith, Nicole <Nicole.Smith@mail.house.gov>
**Subject:** FW: FOIA APPEAL, ATT: Chief, Freedom of Information/Privacy Acts Office

Dear Oreoluwa:

After I submitted my attached 2nd FOIA request to you on December 1, 2021, I was advised that the "on-going enforcement proceeding" referenced in your September 28, 2021, FOIA Appeal Response letter was at the time still ongoing.  For convenience, I am attaching a copy of your September 28, 2021, letter.

If the "on-going enforcement proceeding" referenced in your September 28, 2021, letter is still ongoing, please let me know.  If it has concluded, please process the attached 2nd FOIA request on an expedited basis.  As indicated in the attached 2nd FOIA request, the information we are requesting is urgently needed.

Yours truly,

**JOSEPH SCHMITZ**
Chief Legal Officer

 

| | | |
|---|---|---|
| 2941 Fairview Park Drive | **US Cell:** | +1 703 992 3095 |
| Suite 350 | **Office:** | +1 571 385 0297 |
| Falls Church, VA 22042 | **Email** | joseph.schmitz@pacem-solutions.com |
| | | joseph.schmitz@pacem-defense.com |

319