**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **PACEM SOLUTIONS INTERNATIONAL, LLC**<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>**U.S. SMALL BUSINESS ADMINISTRATION,**<br><br>　　　-and-<br><br>**ISABELLA CASILLAS GUZMAN, IN HER CAPACITY AS ADMINISTRATOR, U.S. SMALL BUSINESS ADMINISTRATION**<br><br>　　　Defendants. | Civil Action No.: 1:23-cv-1702 (LMB/IDD) |

**PLAINTIFF PACEM SOLUTIONS INTERNATIONAL, LLC'S RULE 60(b)(1) MOTION**

Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff respectfully

moves for relief from this Court's September 6, 2024, Order (Dkt. No. 43) and Judgement (Dkt.

No. 44) based on "surprise."  Rule 60(b)(1) provides:  "Grounds for Relief from a Final

Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its

legal representative from a final judgment, order, or proceeding for the following reasons:  (1)

mistake, inadvertence, surprise, or excusable neglect."  *See Augusta Fiberglass Coatings, Inc. v.*

*Fodor Contracting Corp.*, 843 F.2d 808, 810 (4th Cir. 1988) ("Rule 60(b) is the means by which a

court may relieve a party from a final judgment based on one of six grounds, the primary ground

being "mistake, inadvertence, surprise, or excusable neglect.").

To the complete "surprise" of PACEM, Judge Brinkema commented during the oral

hearing on September 6, 2024:  "And I don't think there's any way in which the plaintiff can

really argue from this record that the loan was not in default." Ex. C, P5L14-16. Shortly

thereafter, Counsel for the SBA referenced the "delinquent April payment" in 2020 as evidence

on page one of the Administrative Record, commenting, "That is why the payments were

stopped." The Court then ruled from the bench: "I am satisfied in this case that the SBA

had a sufficient record before it at the time it made its decision to stop the payments" in July

2020. Ex. C, P11L16-18. In its Order later that same day (Dkt. No. 43), the Court explained:

"For the reasons stated in open court, plaintiff PACEM Solutions International, Inc.'s [sic]

Motion for Summary Judgment, [Dkt. No. 33], is DENIED; . . . ."

As Plaintiff pointed out in its August 14, 2024, Reply (Dkt. No. 39), the SBA made a

decision in June of 2020 that is not supported by any contemporaneous information within the

Administrative Record. To cover its tracks, Defendants undertook a 2 ½ year "investigation" of

their June 2020 decision and came to a completely different conclusion – that the loan was never

eligible for the CARES Act subsidies. Neither decision is supported by the facts in the Record

when applied to the relevant contract, code, regulations, or Standard Operation Procedure. More

specifically, the Administrative Record includes no decision by the SBA that contains the

requisite "satisfactory explanation for its actions, including a 'rational connection between the

facts found and the choice made'." *Motor Vehicles Mfgs. Ass'n v. State Farm Mutual Auto Ins.

Co.*, 463 U.S. 29, 43 (1983) (internal citation omitted). Dkt. No. 40, P4.

The Court's "surprise" suggestion that the loan was in default is belied by two documents

that should have been in the Administrative Record had the Defendants conducted a thorough

"investigation," as claimed, and are attached hereto as Exhibits A and B. In the attached April

23, 2023, e-mail, Pacem's lender advised Pacem with regard to the April 2020 payment: "just

got notice that SBA will be covering payments starting with the April payment. So don't need to

worry about this." Ex. A. In the attached May 27, 2021, e-mail from lender's counsel to Pacem's

Chief Legel Officer, lender's counsel explained his prior comment about the May 7, 2021, SBA

Memo (AR 155):

> To be clear, I was commenting on the attached writing from May 7th wherein it was stated that the SBA Loan was in default since late April 2020, "which was reported to the Agency by the Lender in May 2020."  As we know, that statement is not consistent with the 5th and 6th modifications (i.e., it seems that the statement was in error).  Based upon your summary of the conversation with Ms. Hawkins, it certainly appears that she has confirmed that the Bank did not report a default in May of 2020.

Ex. B.

The SBA has never argued in this litigation that the loan at issue was in default.  Nothing

in the Administrative Record indicates that the loan was in default -- other than the discredited

reference to a lender-reported default in the May 7, 2021, SBA Memo (AR 155).  To the

contrary, the Administrative Record indicates that the SBA's Office of Credit Risk Management

("OCRM") investigated Pacem's lender and ultimately advised the lender that, "OCRM

determined that this loan was NOT eligible to receive Section 1112 payments [under the CARES

Act]."  Letter from SBA to Atlantic Union Bank, November 10, 2022 (AR 326-27).  Of course,

the lender at the time was facing stiff penalties based on the SBA compliance investigation, and

it "agreed" with the SBA's "determination that the Loan was not eligible to receive Section 1112

payments of the CARES Act."  Letter from Atlantic Union Bank to SBA, December 9, 2022 (AR

330-31).  In any event, Judge Brinkema's September 6, 2024, comment that "I don't think there's

any way in which the plaintiff can really argue from this record that the loan was not in default",

was a complete "surprise" to Pacem -- and apparently to the SBA counsel too, who had never

argued that the loan was in default.[1]

---

[1] In his most recent pleading, "Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment" of August 28, 2024 (Dkt. No. 41), Counsel for the SBA argued:  "After a two-year investigation, the U.S. Small Business Administration ('SBA') determined that Plaintiff's $5 million loan . . . had not been serviced correctly . . . and therefore was never eligible for the CARES Act subsidy payments."  SBA Reply Memorandum at 1-2.

**CONCLUSION**

The "default" basis for the Court's September 6, 2024, Order and Judgement was a complete surprise to Plaintiff.  That basis has never been argued by Defendants, and therefore Plaintiff never before had any reason to counter it.[2]  Based on this September 6, 2024, "surprise," Plaintiff respectfully requests that this Court vacate its September 6, 2024, Order and Judgment. *Cf. Augusta Fiberglass Coatings*, 843 F.2d at 810, 812 ("[W]here default judgments are at issue, over the years this court has taken an increasingly liberal view of Rule 60(b) . . . .  In sum, since [Rule 60(b) movant] Fodor acted promptly, demonstrated a lack of prejudice to Augusta, and proffered a meritorious defense, Fodor met its burden to justify relief under Rule 60(b).").

For the reasons put forth in PACEM's July 2, 2024, Memorandum in Support of Summary Judgment (Dkt. No. 34) and its August 14, 2024, Reply (Dkt. No. 39), both incorporated herein by reference, PACEM's Motion for Summary Judgment should be granted, Defendants' Motion for Summary Judgment should be denied, and this Court should order the SBA to complete the payments it had authorized under the CARES Act on behalf of PACEM.

Dated:  October 4, 2024

Respectfully submitted,
PACEM Solution International LLC
By Counsel

_____//s//  Milton C. Johns_____
Milton C. Johns, VSB No. 42305
**Executive Law Partners PLLC**
11130 Fairfax Blvd., Suite 303
Fairfax, VA  22030
T: (571) 500-1010; F: (571) 408-8102
mjohns@xlppllc.com

---

[2] The Court's reliance on an issue that neither party briefed implicates what the U.S. Supreme Court recently reiterated about our "Nation's adversarial adjudication system[, which] follows the principle of party presentation.  'In both civil and criminal cases, . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present'." *United States v. Sineneng-Smith*, 590 U.S. 371, 371-72 (2020) (internal cites omitted), quoted in *Dialect, LLC v. Amazon.com, Inc.*, 2024 WL 3733437, Slip Op. at *9 (EDVA Aug.6, 2024)."