IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PACEM SOLUTIONS INTERNATIONAL, )
   LLC, )
 )
        Plaintiff, )
 )   1:23-cv-1702 (LMB/IDD)
   v. )
 )
U.S. SMALL BUSINESS ADMINISTRATION, )
   et al., )

        Defendants.

ORDER

Before the Court is plaintiff PACEM Solutions International, LLC's ("PACEM") Motion to Alter Judgment pursuant to Fed. R. Civ. P. 60(b)(1) ("Motion" or "Mot.") [Dkt. No. 46]. Rule 60(b)(1) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [] mistake, inadvertence, surprise, or excusable neglect." See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988). Amending a judgment "is an extraordinary remedy that should be applied sparingly," Mayfield v. NASCAR, Inc., 674 F.3d 369, 379 (4th Cir. 2012), and it "is [not] intended to give an unhappy litigant one additional chance to sway the judge," Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Moreover, Rule 60(b) may be "invoked in only extraordinary circumstances." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (cleaned up).

PACEM argues that the Court's comment, "And I don't think there's any way in which the plaintiff really argue from this record that the loan was not in default," was so surprising as to warrant the "extraordinary remedy" of amending the Court's judgment. Mot. at 1–2. PACEM

asserts that "[t]he SBA has never argued in this litigation that the loan at issue was in default. Nothing in the Administrative Record indicates that the loan was in default—other than the discredited reference to a lender-reported default in the May 7, 2021, SBA Memo." Id. at 3.

The first problem with PACEM's assertion is that it acknowledges that there was evidence in the record that the loan was in default but conclusorily states that the evidence was "discredited." The presence of evidence in the record supporting the Court's statement significantly diminishes PACEM's claim that its "surprise" constitutes an "extraordinary circumstance" warranting the "extraordinary remedy" it seeks. Furthermore, defendants correctly identify other evidence in the record of default, including the Forbearance Agreement in the Fifth Amendment to the loan, which explicitly stated that the loan "was in default," but which default the lender chose to waive. See [Dkt. No. 48] at 3 (citing to the record).

Second, defendants correctly observe that PACEM takes the Court's statement out of context, appearing to suggest that the loan's apparently being "in default" was the reason that the Court ruled in favor of the defendants. In fact, the Court's ruling was based on the entirety of the record, including the many missed principal payments throughout the life of the loan and the dramatic change in repayment structure that occurred once PACEM and its lender learned that the SBA would be responsible for several months of payments.

In support of its Motion, which is largely an attempt to re-argue the underlying issues that were thoroughly argued in the parties' cross-motions for summary judgment and resolved by the Court's decision, PACEM attached copies of two emails to its Motion. Defendants correctly object in their opposition that it is improper to offer new evidence in a Rule 60(b)(1) motion. See Moore v. Bethesda Fire Dept., Inc., 937 F.2d 603, 1991 WL 126579, at *5 (4th Cir. July 15, 1991) ("A defeated litigant cannot set aside a judgment because . . . he failed to present on a

2

motion for summary judgment all of the facts known to him that might have been useful to the court.") (internal citation omitted). A second threshold issue with these newly offered emails is that they do not show that the SBA ever had access to them, much less that the SBA considered them in making decisions regarding PACEM's loan. Indeed, the emails are between PACEM and its lender, or its lender's attorney. PACEM's decision not to include them in the summary judgment record cannot retroactively be changed on a Rule 60(b)(1) motion. Accordingly, the Court declines to consider them.[1]

As stated above, Rule 60(b) may be "invoked in only extraordinary circumstances." Aikens, 652 F.3d at 500. PACEM has not met this high threshold. For these reasons, it is hereby

ORDERED that plaintiff's Motion to Alter Judgment, [Dkt. No. 46], be and is DENIED

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 21 day of October, 2024.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

---

[1] Even were the Court to consider the two emails, they would not come close to changing the Court's ruling.

3